### 28189.  STAFFORD v. THE STATE.

DECIDED APRIL 11, 1940.

*W. E. & W. G. Mann*, for plaintiff in error.
*J. H. Paschall, solicitor-general*, contra.

BROYLES, C. J.  The defendant was tried on an indictment charging larceny after trust.  Before arraignment and pleading, he filed his plea of former jeopardy which, on motion of the solicitor-general, was stricken, and that judgment is assigned as error.  The case proceeded to a verdict of guilty.  A motion for new trial was overruled, and to that judgment exceptions are taken.  The plea of former jeopardy shows that the accused was acquitted on a previous trial on an indictment involving the identical transaction charged in the indictment in this case.  The only difference between the two indictments was that in the first one it was alleged that the property alleged to have been unlawfully converted to the defendant's own use was entrusted to him "by Dave Stewart, one of the owners thereof," and that said property was so converted "without the consent of Dave Stewart, the owner therof;" and in the present indictment it was charged that the property was entrusted to the defendant "by Dave Stewart, one of the owners thereof, the other owners being Mrs. Dave Stewart and Ethel Stewart."  It is contended by the State that since the evidence in

this case showed that the property in question was owned by all three of the Stewarts, and not by Dave Stewart alone, "a conviction could not have been had on the first indictment, and the merits of the case were never in issue on the first trial." The plea of former jeopardy is based solely upon the two indictments and the verdict of not guilty on the first indictment; and in passing on the plea this court can not consider the evidence as to the ownership of the property adduced on the second trial. We can not agree with the contention that a conviction could not have been had on the first indictment. That indictment charged that Dave Stewart was one of the owners of the property, thereby admitting that there were other owners. The indictment could have been attacked by a special demurrer asking who were the other owners; but it was not subject to general demurrer, and the defect would have been cured by a verdict and judgment of guilty. We think the plea showed that the defendant had been put in jeopardy on the first trial. It is also possible that the plea of former jeopardy may have been subject to special demurrer, but the court erred in striking it on motion in the nature of a general demurrer. That error rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*